**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2019[*]
Decided September 5, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1610

| | |
|---|---|
| VICTOR WAKLEY, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16-cv-884-WTL-DLP |
| CITY OF INDIANAPOLIS, *et al.*, <br>     *Defendants-Appellees*. | William T. Lawrence, <br> *Judge*. |

**O R D E R**

Victor Wakley alleges that by evicting him from a building, the City of Indianapolis and others conspired to deprive him of property—a lease interest that he supposedly acquired in 2016—without due process. See 42 U.S.C. § 1983. The district court dismissed Wakley's claims against every defendant except the City because Wakley had not plausibly alleged that they conspired with the City. See FED. R. CIV. P. 12(b)(6). Later, the court entered summary judgment for the City because Wakley did

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

not furnish evidence of a valid lease interest. Because Wakley neither plausibly stated a claim for conspiracy nor has evidence of a valid lease interest, we affirm.

Wakley's suit arises from a series of property transactions concerning the Bunker Building in Indianapolis. In February 2012, the City conveyed the Bunker Building to Southeast Neighborhood Development, Inc. (SEND). That month, SEND leased the Bunker Building to a nonprofit called The Changed Life, Inc., which offered job training to ex-offenders. The Changed Life, however, never paid rent, so SEND ended that lease in July 2012. In 2014, The Changed Life was administratively dissolved. In April 2016, Wakley, who had no connection to this dissolved entity, incorporated a new corporation and used the same name. He later asked the Indiana Secretary of State to reinstate the original Changed Life corporation in December 2016.

In September 2012, SEND leased the building to an organization run by Wakley. When that organization defaulted on rent payments in November 2014, SEND terminated the organization's lease. But Wakley and his organization did not vacate the building. One year later, in November 2015, SEND conveyed the Bunker Building back to the City. Then, in March 2016, the City informed Wakley that he had no legal right to occupy space in the building, because SEND had not assigned to the City any current lease with Wakley. See *Charles Downey Family Ltd. P'ship v. S & V Liquor, Inc.*, 880 N.E.2d 322, 328 (Ind. Ct. App. 2008) (property owner may treat tenant whose lease term has ended as trespasser). Thus, the City explained, Wakley needed to vacate the building. Later that year, two City police officers "forced" Wakley out of the building and changed the locks.

In response, Wakley filed this suit. He alleges that the City, SEND, and others conspired to deprive him of his property interest in the Bunker Building. He alleges that he acquired this interest through a sublease with The Changed Life in March 2016. That was one month before he incorporated a business with that name and nine months before he asked Indiana's Secretary of State to reinstate the dissolved The Changed Life corporation in December 2016. The defendants allegedly hatched their conspiracy between June 2012 and December 2014: as he put it, "Many meetings took place and emails were exchanged" to "develop an elaborate plan" for the City to take control of the Bunker Building so that a local group could secure federal funding to develop the land, thereby violating Wakley's right to remain there.

Wakley lost in the district court in two phases. First, the non-City defendants moved to dismiss the complaint. The district court dismissed them because Wakley had not plausibly alleged that they had conspired against Wakley. The court observed that

the defendants allegedly conspired from June 2012 to December 2014 to deprive Wakley of a property interest that, according to Wakley, he did not acquire until 2016. So Wakley's conspiracy assertion was factually "impossible." Next, the City moved for summary judgment, and the district court granted that motion. Wakley could not show that he had an interest in the building, the court explained, because The Changed Life did not have a lease with SEND when it supposedly entered into a sublease with Wakley in March 2016. Moreover, the court added, the original The Changed Life no longer existed in March 2016, and so an entity with that name could not have entered into a sublease with Wakley at that time.

Wakley first generally contests the dismissal of his conspiracy claim against the non-City defendants, but the district court properly dismissed them because Wakley has not alleged a plausible basis for relief against them. See FED. R. CIV. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *West Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). "Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. But that is all that Wakley alleges: the defendants "conspired" to "develop an elaborate plan" through "[m]any meetings" and "emails" between 2012 and 2014 to deprive him of property "without due process." That "unsupported legal conclusion," *Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011), is merely a legally insufficient "suspicion that persons adverse to [him] had joined a conspiracy against him," *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); see *also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553–56 (2007). In addition to its conclusory nature, the assertion is also implausible on its face. As the district court noted, the conspiracy to deprive Wakley of his sublease ended in 2014, two years *before* Wakley allegedly acquired the sublease in 2016.

Wakley also argues that summary judgment for the City was improper on his claim that the City deprived him of property without due process. A due-process claim requires the deprivation of a property interest, such as a leasehold. See *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70, 576–78 (1972); *Mid-American Waste Sys., Inc., v. City of Gary*, 49 F.3d 286, 289 (7th Cir. 1995). Wakley contends that he acquired that kind of interest through a sublease from The Changed Life in March 2016, and the City deprived him of it without due process by removing him from the Bunker Building and locking him out. But Wakley's argument falls short. First, The Changed Life had no property interest in the building in March 2016 to sublease. The record shows that in 2012 SEND ended its lease with The Changed Life, and Wakley has supplied no evidence of a valid sublease afterward. Second, it is undisputed that The Changed Life no longer existed when it supposedly subleased to Wakley in March 2016. Wakley has

pointed us to no case—nor have we found one—where a nonexistent entity could transfer a property interest.

We have considered Wakley's other arguments, but none merits discussion. The judgment of the district court is AFFIRMED.